UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| O.B. WILLIAMS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>S.A. BENDHEIM WEST, INC.,<br><br>Defendant / Third-Party Plaintiff,<br><br>v.<br><br>CARDINAL LG COMPANY, et al.,<br><br>Third-Party Defendants. | CASE NO. C08-1155JLR<br><br>ORDER GRANTING IN PART BENT GLASS'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on Third-Party Defendant Bent Glass Design, Inc.'s ("Bent Glass") motion for summary judgment regarding contribution and attorney's fees (Dkt. # 126). Having considered the submissions of the parties, and for

the reasons set forth below, the court GRANTS in part and DENIES in part Bent Glass's motion for summary judgment (Dkt. # 126).

## I. BACKGROUND

As the parties are familiar with the factual background of this case, the court does not repeat it here.[1] The relevant procedural background is as follows. On July 13, 2010, the court entered its Order on Third-Party Defendants Cardinal LG Company and Cardinal Glass Industries, Inc. (collectively, "Cardinal") and Bent Glass's motions for summary judgment against Defendant / Third-Party Plaintiff S.A. Bendheim West, Inc. ("Bendheim"). (July 13, 2010 Order (Dkt. # 123).) In its July 13, 2010 Order, the court granted Bent Glass's motion for summary judgment. (*Id.*) Because Bent Glass had not moved for summary judgment regarding Bendheim's claim for contribution, however, the court denied without prejudice Bent Glass's motion for attorney's fees under Washington's long arm statute. (July 13, 2010 Order at 24 n.6 (discussing contribution); *id.* at 29 (denying attorney's fees because Bent Glass was not a "prevailing party" as required by RCW 4.28.185(5)).) On July 21, 2010, the court denied Bendheim's motion for reconsideration regarding its indemnification claim against Bent Glass. (Dkt. # 125.)

On July 22, 2010, Bent Glass filed the instant motion for summary judgment regarding contribution and attorney's fees. (Dkt. # 126.) On August 23, 2010, Bendheim filed a response in which it did not contest Bent Glass's motion regarding contribution,

---

[1] For a summary of the facts of this case, see the court's July 13, 2010 Order on Third-Party Defendants' motions for summary judgment (Dkt. # 123).

but asked the court to deny or limit Bent Glass's attorney's fees. (Dkt. # 129.) On August 26, 2010, Bent Glass filed a reply. (Dkt. # 130.) On August 27, 2010, Bendheim filed a surreply in which it moved the court to strike portions of Bent Glass's reply and the Declaration of Steven Lerner, President of Bent Glass, filed in support of the reply. (Dkt. # 132.)

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The non-moving party "must present affirmative evidence to make this showing." *Id*. Furthermore, "[b]ald assertions that genuine issues of material fact exist are insufficient," and a mere scintilla of evidence supporting a party's position is also inadequate. *Id*.

**B. Motion to Strike**

The court first addresses Bendheim's motion to strike. In its surreply, Bendheim moves the court to strike (1) those portions of Bent Glass's reply in which it argues that Bendheim's lawsuit was frivolous or harassing, and (2) Mr. Lerner's declaration (Dkt. # 131) and those portions of Bent Glass's reply in which Bent Glass contends that it is entitled to its total attorney's fees under Washington's long-arm statute. (Surreply at 1-3.) The court denies the motion to strike because Bendheim raised the issues of whether its lawsuit was frivolous or harassing and the scope of Bent Glass's attorney's fees award in its response. (*See* Resp. at 5-7.)

**C. Contribution**

Bendheim does not contest Bent Glass's motion for summary judgment regarding contribution. Having reviewed the relevant authority, the court finds that Bent Glass has established that it is entitled to judgment as a matter of law on Bendheim's contribution claim. RCW 4.22.040(1) provides:

> A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. . . . The basis for contribution among liable persons is the comparative fault of each person . . . .

RCW 4.22.040(1). "The statutory right of contribution under RCW 4.22.040 is limited to tort-based claims." *Cent. Wash. Refrigeration, Inc. v. Barbee*, 913 P.2d 836, 840 (Wash. Ct. App. 1996), *rev'd on other grounds*, 946 P.2d 760 (Wash. 1997). Here, Bendheim's claims sound in contract rather than in tort. Further, the Washington legislature has abolished joint and several liability except in three narrow circumstances, none of which

apply here. *See* RCW 4.22.070(1). The court therefore grants Bent Glass's motion for summary judgment regarding contribution.

**D. Attorney's Fees**

Bent Glass contends that it is entitled to an award of attorney's fees pursuant to Washington's long-arm statute, which provides:

> In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

RCW 4.28.185(5).

The statute authorizes an award of reasonable attorney's fees where the defendant "prevails in the action." *Id.* The Washington Supreme Court has stated that "a prevailing defendant should not recover more than an amount necessary to compensate him for the added litigative burdens resulting from the plaintiff's use of the long-arm statute." *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 786 P.2d 265, 271 (Wash. 1990). The court explained this principle as follows:

> Limiting awards to the increase in fees caused by exercise of long-arm jurisdiction . . . meaningfully enforces the statutory restriction of awards to "a reasonable amount." One obvious purpose of the long-arm statute's fees provision is to compensate defendants for the added expense caused them by plaintiffs' assertions of long-arm jurisdiction. Permitting awards in amounts exceeding the defendant's extra long-arm related expenses does nothing to further this policy. Thus, such excessive awards are not "reasonable" and should not be permitted under the statute.

*Id.* at 272. In a footnote, the court added that another purpose is "to deter plaintiffs from invoking long-arm jurisdiction as a means to harass foreign defendants." *Id.* at 272 n.6.

Here, there is no dispute that Bent Glass has "prevailed in the action" as required by RCW 4.28.184(5). Rather, the parties dispute the amount of attorney's fees that the court may award to Bent Glass. Bent Glass asserts that it is entitled to full recovery of its attorney's fees because Bendheim's lawsuit was frivolous or brought to harass. (Reply at 3-7.) The court finds that Bendheim's lawsuit was neither frivolous nor brought to harass; rather, Bendheim had colorable claims for relief and presented reasonable, if ultimately unsuccessful, legal arguments in support of those claims. Accordingly, the court declines to award Bent Glass its full attorney's fees on the basis that the lawsuit was frivolous or brought to harass.

Bent Glass also argues that it is entitled to all of its attorney's fees due to the added burdens of litigating in Washington. First, Bent Glass asserts that "[s]ince Bendheim's case was entirely baseless, the additional 'burden' on Bent Glass was the entire cost of its defense." (Reply at 7.) Second, Bent Glass contends that Mr. Lerner was required to hire local Washington counsel rather than retain his cousin, Eric Lerner, who would have charged a "substantially discounted rate" to represent Bent Glass in the lawsuit had it been filed in Pennsylvania. (Lerner Decl. ¶ 4.) Finally, Mr. Lerner had to travel to Washington twice: once to inspect the North Seattle Residence and once to attend a mediation session among the parties. (Lerner Decl. ¶¶ 2, 5.)

An award of Bent Glass's total attorney's fees is not appropriate in this case. First, because the court has already determined that Bendheim's lawsuit was neither frivolous nor brought to harass, it will not award Bent Glass its total attorney's fees on this ground. Second, Bent Glass would have incurred fees to defend against the merits of

the lawsuit regardless of where the lawsuit was filed; Eric Lerner could have provided this defense by appearing *pro hac vice* and associating with Washington counsel. *See* Local Rules W.D. Wash. GR 2(d). Finally, Mr. Lerner likely would have been required to travel even if the lawsuit was filed in Pennsylvania: the inspection at the North Seattle Residence would have taken place in Washington regardless of where the lawsuit was filed; and, as the parties to this lawsuit are based in five different states, there is no guarantee that the mediation would have taken place in Pennsylvania. Accordingly, the court finds no ground on which to grant Bent Glass its total attorney's fees. Rather, the court finds that Bent Glass is entitled only to those costs "necessary to compensate [it] for the added litigative burdens resulting from the plaintiff's use of the long-arm statute." *Fetzer*, 786 P.2d at 271. The court therefore grants Bent Glass's motion for those additional attorney's fees it incurred as a result of defending the lawsuit in Washington, but denies the motion to the extent it requests Bent Glass's total attorney's fees.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Bent Glass's motion for summary judgment (Dkt. # 126). Bent Glass shall file an affidavit setting forth its reasonable attorney's fees pursuant to RCW 4.28.184(5) and *Fetzer* by no later than September 20, 2010. Bendheim may file a response to Bent Glass's affidavit by no later than September 27, 2010.

//

//

//

Dated this 30th day of August, 2010.

JAMES L. ROBART
United States District Judge